1

2

3

4                                                          ***E-FILED - 12/8/09***

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

EARL EDWARD PAYTON,                 )          No. C 09-2796 RMW (PR)
12                                                )
                    Plaintiff,          )          ORDER OF DISMISSAL
13                                                )
     vs.                                    )
14                                                )
                                                 )
15  WARDEN ROBERT AYERS,           )
                                                 )
16                  Defendant.           )
                                              )
17

18          Plaintiff  has filed this pro se action as a civil rights complaint pursuant to 42 U.S.C. §

19  1983.  This action, however, should have been filed as a petition for a writ of habeas corpus

20  because plaintiff requests that he be discharged from parole.  See Butterfield v. Bail, 120 F.3d

21  1023, 1024 (9th Cir. 1997).

22          Any claim by a prisoner attacking the validity or duration of his confinement must be

23  brought under the habeas sections of Title 28 of the United States Code.  See Preiser v.

24  Rodriguez, 411 U.S. 475, 500 (1973).  Here, plaintiff is "in custody" for purposes of habeas

25  jurisdiction.  See Jones v. Cunningham, 371 U.S. 236, 243 (1963).  Because he is seeking

26  immediate release from custody, a habeas petition is the appropriate vehicle for relief.  A civil

27  rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a

28  petition for writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Payton796dis.wpd              1

1    1995) (per curiam).

2        Before he may file such a federal habeas petition, however, petitioner must exhaust state

3    judicial remedies, either on direct appeal or through collateral proceedings, by presenting

4    the highest state court available with a fair opportunity to rule on the merits of each and every

5    issue he seeks to raise in federal court.  See 28 U.S.C. § (b)(1)(A),(c); Duckworth v. Serrano,

6    454 U.S. 1, 3 (1981).

7        The complaint is dismissed without prejudice to plaintiff filing a petition for writ of

8    habeas corpus.  Plaintiff should act diligently in filing a federal petition for writ of habeas corpus

9    because there is a one-year statute of limitations that limits the time within which he may file a

10   federal habeas petition.  See 28 U.S.C. § 2244(d).

11       Accordingly, this action is DISMISSED without prejudice to refiling as a habeas corpus

12   petition.  All pending motions are TERMINATED.

13       IT IS SO ORDERED.

14   DATED:   12/7/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Payton796dis.wpd          2